# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA WILLIAMS, | 1:12-cv-00846-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| DIRECTOR OF CDCR, et al., | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |
| Defendants. / | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On May 24, 2012, the court issued an order requiring plaintiff to file an Amended Complaint and return the Court's consent/decline form within thirty days. The thirty day period has now expired, and plaintiff has not filed an Amended Complaint, returned the consent/decline form, or otherwise responded to the court's order.[1]

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1)

---

[1] The United States Postal Service returned the order on June 4, 2012 as undeliverable. A notation on the envelope indicates that Plaintiff was discharged and the mail was refused. However, plaintiff has not notified the court of any change in her address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

1

the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since May 24, 2012.  Plaintiff's failure to keep the Court apprised of her current address may reflect Plaintiff's lack of interest in prosecuting her case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who has not taken steps to ensure that she will receive the Court's mail.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is plaintiff's failure to notify the Court of her current address that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on plaintiff's failure to obey the court's order of May 24, 2012.

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days
3  after being served with these findings and recommendations, the parties may file written objections
4  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
5  and Recommendations."  The parties are advised that failure to file objections within the specified
6  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
7  Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 10, 2012                        /s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE